September 24, 2012

The Honorable Russell W. Malm
Midland County Attorney
500 North Loraine, Suite 1101
Midland, Texas 79701

Opinion No. GA-0971

Re: Authority of a county bail bond board with regard to attorneys who execute bail bonds: Clarification of Attorney General Opinion No. GA-0197 (2004) (RQ-1058-GA)

Dear Mr. Malm:

You ask two questions related to a bail bond board's authority to prohibit an attorney from executing a bail bond or acting as a surety for another person as authorized by Occupations Code section 1704.163.[1]  Chapter 1704 of the Occupations Code governs the regulation of bail bond sureties. *See* TEX. OCC. CODE ANN. §§ 1704.001–.306 (West 2012).[2]  Except as provided by section 1704.163, a person may not act as a bail bond surety unless the person holds a license issued under that chapter.  *Id.* § 1704.151.  Section 1704.163, titled the "Attorney Exemption," creates an exemption to the bail bond licensing requirements in certain limited circumstances for individuals licensed to practice law in this state.  *Id.* § 1704.163(a).  Your questions pertain to subsection 1704.163(b), which states, "[a] person executing a bail bond or acting as a surety under this section may not engage in conduct involved with that practice that would subject a bail bond surety to license suspension or revocation."  *Id.* § 1704.163(b).  Also relevant to your request, section 1704.252 gives a bail bond board discretion to suspend or revoke the license of a bail bond surety if the license holder engages in one of sixteen categories of conduct, including instances where a license holder "is finally convicted under the laws of this state, another state, or the United States of an offense that:  (A) is a misdemeanor involving moral turpitude or a felony; and (B) is committed after August 27, 1973."  *Id.* § 1704.252(5).

---

[1]*See* Letter from Honorable Russell W. Malm, Midland Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. (Apr. 27, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

[2]Chapter 1704 applies only in a county with a population of 110,000 or more or in a county that has exercised its discretion to create a county bail bond board. TEX. OCC. CODE ANN. § 1704.002 (West 2012). You submit your request in your capacity as Midland County Attorney, and we note that Midland County has a population in excess of 110,000. *See* U.S. Census Bureau, U.S. Dep't of Commerce, 2010 Census of Population: Texas Quick Facts (population of Midland Cnty. 136,872), http://quickfacts.census.gov.

Related to these provisions, you first ask whether a bail bond board may "suspend or revoke [an attorney's authorization to post bond under section] 1704.163 for any conviction for a felony he has committed after August 27, 1973, or may the board only do so if the felony conviction was for conduct involved with the practice of executing bail bonds or acting as a surety for others." Request Letter at 1. The plain language of subsection 1704.163(b) does not authorize the board to suspend or revoke an attorney's authorization under that section for all conduct that would be subject to license suspension or revocation. Instead, an attorney's authorization may be revoked only for conduct "involved with th[e] practice" of executing a bail bond or acting as a surety that would subject a bail bond surety to license suspension or revocation. TEX. OCC. CODE ANN. § 1704.163(b) (West 2012). When construing statutes, we must do so in a manner that avoids rendering "any part of a statute meaningless or superfluous." *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008). If we were to conclude that a bail bond board could revoke an attorney's authorization based on any conviction, we would render meaningless the Legislature's use of the phrase "involved with that practice." TEX. OCC. CODE ANN. § 1704.163(b) (West 2012). Thus, we conclude that, under section 1704.163 of the Occupations Code, a bail bond board may use a felony conviction to suspend or revoke the authorization granted under section 1704.163 only if the conviction resulted from conduct involved with the practice of executing a bail bond or acting as a surety.[3]

Your second question is, "[i]f a bail bond board determines that an attorney has committed a felony that may be used to suspend him or revoke his right to act under § 1704.163, what actions may the attorney take to remedy the felony conviction[?]" Request Letter at 1. Your question refers to the final sentence of subsection 1704.163(b), which states:

> If the board determines that a person has violated this subsection, the board may suspend or revoke the person's authorization to post a bond under this section or may bar the person from executing a bail bond or acting as a surety under this section until the person has remedied the violation.

TEX. OCC. CODE ANN. § 1704.163(b) (West 2012). The Legislature has not further described the methods by which an individual might remedy a violation. As this office has previously explained, "[i]n addition to expressly authorizing a bail bond board to determine whether an attorney has engaged in disqualifying conduct, section 1704.163(b) necessarily gives a board the discretion to determine whether an attorney has remedied such a violation." Tex. Att'y Gen. Op. No. GA-0197 (2004) at 9 (citations omitted). Thus, it is the responsibility of the board to determine how an attorney may remedy a felony conviction and whether such remedial action has occurred in a given instance.

---

[3]In many instances, an attorney convicted of a felony will either have his or her license to practice law suspended or will be disbarred and will thereby lose the authority granted under section 1704.163 without action on the part of a bail bond board. *See* Tex. Rules Disciplinary P. R. 8.05, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A-1 (West 2005) ("When an attorney has been convicted of an Intentional Crime, and that conviction has become final, . . . the attorney shall be disbarred unless the Board of Disciplinary Appeals, under Rule 8.06, suspends his or her license to practice law.").

## S U M M A R Y

A bail bond board may use a felony conviction to suspend or revoke the authorization granted to an attorney under Occupations Code section 1704.163 only if the conviction resulted from conduct involved with the practice of executing a bail bond or acting as a surety.

If a bail bond board determines that an attorney has committed a felony that may be used to suspend or revoke his or her right to act under Occupations Code section 1704.163, the board would be the appropriate body to determine how the attorney may remedy the felony conviction and whether such remedial action has occurred in a given instance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee